UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICE, AND PRODUCT LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>Lilak, Safdar Neil    08-5777 CRB<br>                              10-4831 CRB | CASE NO. MDL No. 1699<br><br>**ORDER DENYING MOTION FOR JUDICIAL REVIEW** |

Pro se Plaintiff Safdar Lilak has filed a document entitled a "Motion for Judicial Review," in which he asks "the reviewing court to hold unlawful agency action 'not in accordance with law,'" and asserts that his "personal injuries and wage loss claims has been denied wrongfully, incorrectly and illegally." See dkt. 28 at 2-3. The Motion seems to argue that Plaintiff's case has merit, that Defendant Pfizer should be held liable for Plaintiff's harm, and that Plaintiff's case should be "reinstated." See, e.g., id. at 8 ("The PFIZER is liable and should face its liability(s)/responsibility(s) to the situation rather than [instead] using SCIENTER rules, Malicious Litigation Bad Faith and Wonton conduct to minimize compensation for victim and his Claims for Wage loss in settlement process should face the responsibility.").

The Court cannot reinstate Plaintiff's case. To the extent Plaintiff wished to

1

appeal the Court's dismissal of his case for failure to comply with Pretrial Order No. 31, he should have done so pursuant to Federal Rule of Appellate Procedure 4. No appeal seems to have been filed. To the extent that Plaintiff wished to move this Court for relief from judgment under Federal Rule of Civil Procedure 60, he has provided the Court with no basis for doing so. Moreover, a motion based on Rule 60(b)(1)-(3) must be brought within one year; Plaintiff's Motion comes well over a year after his case was dismissed. Accordingly, Plaintiff's Motion is DENIED.

**IT IS SO ORDERED**

Dated: February 3, 2012

HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE